46 C.C.P.A. (Patents).

## APPLICATION OF Toby B. HARPER.
### Patent Appeal No. 6380.

United States Court of Customs
and Patent Appeals.
Dec. 1, 1958.

---

Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill. (Carlton Hill and Van Metre Lund, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (D. Kreider, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, Acting C. J., and WORLEY, RICH, and MARTIN, JJ.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting claims 4 and 5, the only remaining claims of appellant's application for a patent on an automatic dimming device for automobile headlights.

The claims read:

"4. In an automatic dimmer assembly for an automobile including a battery, headlights and a radio having a power supply for converting battery voltage to a relatively high voltage, a dimmer unit including a photo-electric cell and an amplifier device controlled by said cell, a relay having a coil in series with said device and contacts controlled by energization of said coil, means for connecting said device and said coil to the high voltage output of the power supply, and a manually operated switch for simultaneously connecting the battery to said dimmer unit and to the low voltage input of the power supply.

"5. In an automatic dimmer assembly for an automobile including a battery, headlights and a radio having a power supply for converting battery voltage to a relatively high voltage, a dimmer unit including a photo-electric cell and an amplifier device controlled by said cell, a relay having a coil in series with said device and contacts controlled by energization of said coil, means for connecting said contacts in circuit with the headlights, means for connecting said device and said coil to the high voltage output of the power supply, a first manually operated double pole switch, means for connecting one pole of said switch between the battery and said dimmer circuit, means for connecting the other pole of said switch between the battery and the low voltage input of the power supply, a second manually operated double pole switch, means for connecting one pole of said second double pole switch between the battery and the radio, and means for connecting the other pole of said second double pole switch between the battery and the low voltage input of said power supply.

"The single reference relied on is

"Schmidt, Jr. 2,476,389 July 19, 1949."

Appellant's application relates to automobile headlights of the conventional type, comprising separate bright and dim filaments. In the arrangement shown, a light-sensitive element is located toward the front of the automobile so that it will be activated by the headlights of an approaching vehicle and, by means of an amplifier and a relay, will shift from the bright to the dim filament when such rays are of a predetermined intensity. The amplifier employs both high and low voltage current, the former being obtained from the high voltage source of the automobile radio which steps up the battery voltage, while the latter flows directly from the battery. That arrangement requires the selective use of the high voltage source, either in the radio or in the headlight control system, or both. Appellant provides for such selection by means of two double pole switches, one of which simultaneously connects the battery to the high voltage source and to the low voltage portion of the control system, while the other simultaneously connects the battery to the high voltage source and to the radio.

The Schmidt patent discloses a headlight control system which appears to be generally similar to appellant's, and includes a light-sensitive cell acting automatically through a relay and amplifier requiring both high and low voltage. In the closest approximation to appellant's system (Fig. 5 of Schmidt), the amplifier is connected to both the battery and a high voltage source, and a single-pole switch is provided which connects the battery with, or disconnects it from, the entire system, including the amplifier and the high voltage source. The latter is not shown or described specifically as being part of a radio, but the specification of the patent states that a suitable high voltage source is "the usual rectified and filtered high-potential source required by a radio receiver."

Appellant urges that the language just quoted is not a disclosure of the idea of using the same high-potential source for operating the radio and the headlight dimming system, but is merely a statement that the same type of high-potential source may be used in each case. However, we agree with the board that Schmidt's disclosure is clearly sufficient to suggest to a person skilled in the art that a common high-potential source might be used for the radio and headlight dimming system. It seems reasonable to assume that the statement that the same type of source might be used for both purposes would readily suggest to such a person the idea of employing a common source which could be selectively connected to the two devices.

We also agree with the board that, given the idea of such selective connection, it would be obvious to provide a switching arrangement of the type called for by the appealed claims. Claim 5, which is the more specific of the two claims, recites two double pole switches, one serving to connect the battery to the dimmer circuit and the low voltage input of the power supply (high voltage source), while the other connects the battery to the radio and the low voltage input.

It seems to us that the idea of using two separate switches would readily suggest itself, since it would obviously be desirable to permit the radio and dimmer circuits to be used simultaneously as well as individually. That would require three distinct arrangements of connections and, accordingly, it would not be practicable to employ a single switch. The desirability of using double pole switches would also be apparent, since complete independence of the dimming circuit and radio would require the connection and disconnection of both the low and high voltage elements in each case. While the specific arrangement described and claimed by appellant is a convenient one, we are of the opinion the board was correct in its holding that it involves no more than an obvious modification of the Schmidt system and that the appealed claims were, therefore, properly rejected.

The decision is affirmed.

Affirmed.